**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lauren T.,

Plaintiff(s),

v.

Frank Bisignano,

Defendant(s).

Case No. 2:26-cv-02661-NJK

**Corrected Order**[1]

[Docket No. 1]

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1) and submitted a complaint (Docket No. 1-1).

## I. Application to Proceed *In Forma Pauperis*

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

## II. Screening the Complaint

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the

[1] The Court issues this corrected order in response to Plaintiff's motion for clarification, Docket No. 9, which is being granted concurrently herewith.

civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[2]

The Court has reviewed the complaint and finds it sufficient to survive screening.

## III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.
3. The Clerk must file the Complaint.
4. The Clerk must provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.
5. From this point forward, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the Court upon Defendant or, if an appearance has been entered by counsel, upon the attorney. Except for papers filed electronically, *see* Fed. R. Civ. P. 5(d)(1)(B), Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was served on Defendant or on defense counsel, if Defendant has an attorney. Under Local Rule 5-1, the proof of service must show the day and manner of service

---

[2] The rules that govern social security cases provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023); *see also Neitzke,* 490 U.S. at 327 (explaining that a central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit").

and the name of the person served. The Court may disregard any paper received that has not been filed with the Clerk or that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: September 1, 2026

Nancy J. Koppe
United States Magistrate Judge